**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MIGUEL GONZALES, *et al*** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 07-5437** |
| | : | |
| **SUPERVALU TRANSPORT, INC.** | : | |

## MEMORANDUM OPINION

**Savage, J.** **April 3, 2008**

After removing this personal injury action from the Pennsylvania state court,[1] the defendant, a Minnesota corporation with its principal place of business in Minnesota, has moved to transfer this action brought by the plaintiffs,[2] Pennsylvania citizens residing in Philadelphia, for injuries Miguel Gonzales suffered as a result of a motor vehicle accident that occurred in Fredericksburg, Virginia. The defendant contends that the Eastern District of Virginia is the more appropriate forum because the accident occurred there and a number of non-party witnesses reside in Virginia. Opposing transfer, the plaintiffs argue that the action should remain in the forum they selected and where they and the treating physicians reside.

After weighing all relevant factors and giving significant consideration to the plaintiffs' preference, I conclude that the defendant has failed to meet its burden of demonstrating that the balance of conveniences and the interest of justice favors transfer. Therefore, I shall deny the transfer motion.

---

[1] Removal was based upon diversity of citizenship under 28 U.S.C. §1332.

[2] The plaintiffs, Miguel Gonzalez and Lily Vega, are husband and wife. The former was injured in the accident; the latter has a derivative claim for loss of consortium.

**Facts**

Plaintiff Miguel Gonzales was injured in a collision between two tractor-trailers on Interstate 95 in Fredericksburg, Virginia. The collision occurred when the truck driven by the defendant's former employee struck the tractor-trailer occupied by the plaintiff Miguel Gonzales.

A Virginia state policeman investigated the accident and prepared a report. There were no independent eye witnesses to the accident itself.

As a result of the collision, the plaintiff Miguel Gonzales claims he suffered serious and permanent injuries. He has been and continues to be treated by Philadelphia area physicians. He claims that he has ongoing disabilities and suffers chronic pain that restrict his ability to travel.

**Legal Standard**

A defendant moving for transfer of venue bears the burden of demonstrating that (1) the case could have been brought in the proposed transferee forum; (2) the proposed transfer will be more convenient for the parties and witnesses; and (3) the proposed transfer will be in the interest of justice. 28 U.S.C. § 1404(a); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). Once the defendant establishes that the action could have been brought in the proposed district, the court must weigh several private and public interest factors to determine whether the balance of convenience tips in favor of transfer. *Jumara*, 55 F.3d at 879-80.

Among the factors considered when determining whether transfer is more convenient for the parties and in the interest of justice are: (1) the plaintiffs' choice of forum; (2) the defendant's preferred forum; (3) the place where the claim arose; (4) the relative ease of access to the sources of proof; (5) the convenience of the parties as demonstrated by relative financial status and physical location; (6) the availability of compulsory process for the attendance of witnesses; (7) the convenience of the witnesses; (8) the practical problems that make trial of a case expensive and inefficient; and, (9) "public interest" factors, such as congestion of court dockets and the relationship of the jury and the community to the underlying district. *Jumara*, 55 F.3d at 879-80. Depending on the nature and facts of the case, these factors often overlap and are intertwined.

Because the analysis involved is "flexible and individualized," the district court has broad discretion in deciding a motion for transfer of venue. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Despite this wide latitude, a transfer motion is not to be granted without a careful weighing of factors favoring and disfavoring transfer. *See Shutte*, 431 F.2d at 24-25.

**Analysis**

Because the defendant has filed for transfer under § 1404(a), I need not consider the propriety of the plaintiffs' original choice of venue. Section 1404(a) applies where both the original and requested venues are proper. *Jumara*, 55 F.3d at 878.

In performing my analysis under §1404(a), I keep in mind that a motion to transfer is not to be liberally granted and that the defendant bears the burden of demonstrating the proposed transfer will be more convenient for the parties and witnesses and in the interest

of justice. 28 U.S.C. § 1404(a); *Jumara*, 55 F.3d at 879; *Shutte*, 431 F.2d at 25. At the same time, I give deference to the plaintiffs' choice of forum.

First, I must determine how much deference to accord the plaintiffs' choice of venue. The plaintiffs have selected a forum where they reside and their attorney is located. Because the plaintiffs' choice of forum is given paramount consideration in the transfer analysis, this choice weighs against transfer. *Jumara*, 55 F.3d at 879-80.

The defendant prefers the Eastern District of Virginia because it can compel the attendance of two essential non-party witnesses to testify at trial there and would not be able to do so if the case were tried in Pennsylvania. At the same time, the defendant ignores that there are several witnesses who are Pennsylvania residents and not amenable to the subpoena power of the Eastern District of Virginia. The defendant argues that the plaintiffs' doctors may testify, as is common in personal injury cases, by way of videotaped depositions. So can the two witnesses who are located in Virginia.

A number of non-party factual witnesses reside in the Eastern District of Pennsylvania. These witnesses include the plaintiffs' physicians, family members, and others having knowledge of the nature and extent of his injuries and their impact upon his life. If the case is transferred, these witnesses will be outside the geographic reach of this district's subpoena power and inconvenienced traveling to and from Richmond, Virginia.

In considering the defendant's preference and the convenience of the parties and witnesses, I am not persuaded that the Eastern District of Pennsylvania poses more of an inconvenience than the Eastern District of Virginia. The defendant alleges that traveling to Philadelphia for depositions and trial would be inconvenient, burdensome, and time

consuming for the witnesses. However, it does not provide any evidence to support this contention. Indeed, there is no reason depositions cannot be conducted where the deponents live or work.

Generally, witness inconvenience is viewed in light of unavailability. *See Jumara,* 55 F.3d at 879. Here, though the defendant states where the plaintiffs and the witnesses reside, it does not allege that any witness will be unavailable in either district. Merely citing witnesses' residences and offices, without more, does not establish inconvenience or unavailability.

The defendant does not show how the proposed transfer is in the interest of justice. There are no specific factual allegations that the comparative cost and the expediency of litigation in this case weigh in favor of transfer.

The defendant points out that Virginia has a greater interest in having its laws applied in this case. The choice of law issue may be resolved later. However, at this time, I note that, if warranted, Virginia law can be applied in this case.

The accident arose in the Eastern District of Virginia. Yet, in this particular case, the site of the accident is not significant enough to outweigh the countervailing factors. No party, including the defendant, is a Virginia citizen or resident.

**Conclusion**

The defendant has failed to meet its burden of demonstrating that the balance of conveniences and the interest of justice weighs in favor of transfer to the Eastern District of Virginia. Accordingly, the motion to transfer will be denied.